**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

CAROLYN SUE WOOD and husband,   )
BILLY WOOD,                     )
                                )
    Plaintiffs,                 )
                                )
    v.                          )    **No. 3:11-1081**
                                )    **Judge Sharp**
WAL-MART STORES EAST, LP, and   )
WAL-MART REAL ESTATE            )
BUSINESS TRUST,                 )
                                )
    Defendants.                 )

## MEMORANDUM

In this premises liability action governed by Tennessee law, Defendants Wal-Mart Stores East, L.P. and Wal-Mart Real Estate Business Trust move for summary judgment (Docket No. 18) on Plaintiff Carolyn Sue Wood's negligence claim.[1]  That Motion has been fully briefed by the parties and, for the reasons below, will be denied.

## I. FACTUAL BACKGROUND

For purposes of the present motion, the facts can be recited briefly.  Construed in Plaintiff's favor, those facts are as follows:

On September 23, 2010, Plaintiff and her daughter-in-law went to the Wal-Mart where Plaintiff regularly shopped.  After parking in the Wal-Mart lot at around 8:15 p.m.,[2] the two headed

---

[1]  Her husband, Plaintiff Billy Wood, also brings a claim for loss of consortium.  For purposes of this Memorandum, the reference to Plaintiff in the singular is a reference to Ms. Wood.  Defendants will be also be referred to in the singular as either Defendant or Wal-Mart.

[2]  The incident was captured on video recordings from two different angles.  Those recordings are a part of the summary judgment record and have been reviewed by the Court.

towards the side entrance. As they walked across the parking lot and neared the sidewalk, Plaintiff noticed approaching traffic and "picked up the pace a little bit." Reaching the sidewalk, Plaintiff's foot hit a "lip" on the sidewalk, causing her to trip and fall. As a result of the fall, Plaintiff fractured several fingers on her left hand, requiring multiple surgeries.

Plaintiff and her daughter-in-law did not cross at the crosswalk, but rather headed directly towards the store across the asphalt pavement that connected with the concrete sidewalk. The portion of the sidewalk in question is approximately ½ to ¾ of an inch higher than the parking lot.

At the time of the fall, Plaintiff was wearing flip-flops. She had shopped at that particular Wal-Mart store approximately once every two weeks for the past fifteen years, and had never before tripped. According to the store manager, there have been no other reports of customers tripping at that location, and a claim run shows that for three years prior to the incident in question, there has been only one reported incident in the parking lot relating to the concrete, even though some 5,000 to 6,000 paying customers visit the store daily.

## II. DISCUSSION

"To establish negligence, one must prove: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). The first element of a negligence claim – the duty owed plaintiff – "is a question of law to be determined by the court." Id.

"In the context of a premises liability case, the Tennessee courts have stated that a business owner breaches the duty of care owed to its customers when it allows a dangerous condition or defect to exist on the premises if that condition or defect was created by the owner, operator or his

agent; or, if the condition is created by someone else, when the business owner had actual or constructive notice that the dangerous condition or defect existed prior to the injury." Morris v. Wal-Mart Stores, Inc. 330 F.3d 854, 858 (6th Cir. 2003). That is, "[t]he duty owed a customer by a proprietor of a place of business 'is to exercise reasonable care to keep the premises in a reasonably safe and suitable condition, including the duty of removing or warning against a dangerous condition traceable to persons for whom the proprietor is not responsible[.]'" Simmons v. Sears, Roebuck & Co., 713 S.W.2d 640, 641 (Tenn. 1986) (quoting, Allison v. Blount Nat'l Bank, 54 Tenn. Ct. App. 359, 390 S.W.2d 716, 718 (1965)). Thus, "[t]he plaintiff in a premises liability action must prove the existence of a dangerous or defective condition that '(1) was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident.'" Dickerson v. Rutherford County, 2013 WL 1501783 at *4 (Tenn. Ct. App. April 11, 2013) (quoting, Martin v. Washmaster Auto Center, USA, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)).

Wal-Mart argues it "did not owe a duty of care to plaintiff because (1) the change in elevation was not a dangerous condition, (2) there was no reasonably foreseeable harm to plaintiff in light of the area of the incident and the lack of previous incidents involving the change in elevation, and (3) plaintiff cannot establish that any reasonable conduct on the part of Wal-Mart would have prevented the incident." (Docket No. 19 at 16-17). The Court is unpersuaded by any of those arguments.

In support of its position that the change in elevation was not a dangerous condition and the accident was not foreseeable, Wal-Mart cites several cases for the proposition that "[w]hen parking

3

features are clearly marked, Tennessee courts have held that injuries caused by those feature are not reasonably foreseeable." (Id. at 10). All of those cases, however, are inapposite.

Stewart v. Seton Corp., 2008 WL 426458 (Tenn. Ct. App. Feb. 12, 2008) involved a plaintiff who, in attempting to visit a patient at a hospital, climbed up a dirt embankment and then fell off a standard-sized curb. Here, of course, the curb in question was nowhere near standard size, and any suggestion that Wal-Mart could not foresee patrons crossing from the parking lot to the store in any place other than a designated crosswalk is belied by common experience and the videotape which has been submitted into evidence.

Young v. First Bank of Tennessee, 2011 WL 332700 (Tenn. Ct. App. Jan. 28, 2011), involved a bank patron who fell after backing over a curb that "was not in the traffic path." Unsurprisingly, the court held that "the bank could not have expected that a patron would walk backward over it without looking." Id. at *3. Here, Plaintiff was paying attention to where she was going (even if she was not looking down at the time she tripped), or at least a reasonable jury could so find.

Finally, Minias v. Historic Hotels of Nashville, L.L.C., 2008 WL 2437734 (M.D. Tenn. June 13, 2008) involved a fall at a hotel parking lot over "curbing [that] that was standard sized and painted bright yellow." (Id. at *5). Here, the transition in question (short as it was) might not even properly be characterized as a "curb" as that term is generally used in relation to a sidewalk but, in any event, it was not standard sized, nor was it painted bright yellow.

More analogous is Judge Campbell's decision in Cary v. The Kroger Company, 2010 WL 3420351 (Aug. 26, 2010), which involved a patron tripping over what may have been a cut-down speed bump that was approximately ¾ inches high at its highest point. According to the summary

judgment record,

> As Plaintiff left the store with her purchase and walked to her car, she watched for traffic passing on the main drive in front of the store and leaving the pharmacy. She did not look at the ground as she walked. Her foot hit something hard and she tripped and fell . . . The speed bump was not painted, and it was the same color as the surrounding black pavement.

Id. at *1. In rejecting Kroger's claim that it owed no duty and its argument that the accident was unforeseeable, Judge Campbell wrote:

> The Court concludes as a matter of law that Kroger owed Plaintiff a duty to keep its parking lot in a reasonably safe condition, including removing or warning of any latent, dangerous conditions that it was aware of or should have been aware of through reasonable diligence, even if the dangers could be characterized as open and obvious to pedestrians. . . . It was reasonably foreseeable to Kroger that a pedestrian leaving or approaching the store who was unfamiliar with all or part of the parking lot configuration would be focused on watching traffic, that the traffic could distract the pedestrian from noticing the rise in the pavement, and that the pedestrian could trip and fall due to the higher elevation of the pavement. . . .

Id. at *4 (citation omitted). Judge Campbell also found that whether Kroger breached that duty was a question for the jury. Id.

Likewise, this Court finds as a matter of law that Wal-Mart owed a duty to Plaintiff to keep its parking lot in a reasonably safe condition, along with its sidewalks, and the transition from the parking lot to the sidewalk. The Court also finds that it was reasonably foreseeable that a Wal-Mart shopper would cross at areas other than the designated sidewalk, that traffic could distract pedestrians from constantly looking down, and that a slight elevation between the asphalt and the sidewalk could result in a customer tripping, even though the sidewalk and the parking lot were not the same color. The Court also concludes that whether Wal-Mart breached its duty is a question for the jury to decide.

In reaching this conclusion, the Court rejects Wall-Mart's assertion that it was not on notice

of the condition because "there were insufficient prior incidents of injury before plaintiff's incident." (Docket No. 19 at 16). For there to be liability, however, actual notice of past harms is not required, and "[a] plaintiff can establish constructive notice by showing 'a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition.'" Williams v. Linkscorp Tennessee Six, LLC, 212 S.W.3d 293, 296 (Tenn. Ct. App. 2006) (citation omitted); see, Dickerson, 2013 WL 1501783 at *4 (citation omitted) ("Constructive knowledge may be demonstrated by proving that 'the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of such condition,'" or "by proving that the Defendant's method of operation resulted in a foreseeable hazardous situation.'"). Thus, while business owners "are not required to inspect their premises constantly, . . . they must use ordinary care to know or discover dangerous conditions," and "[i]f they know or should know of an existing dangerous condition on the premises, the law imposes on them a duty either to repair or remove the condition or to help others avoid injury by warning them of the condition if it cannot be reasonably removed or repaired." Denton v. Hahn, 2004 WL 2083711 *9 (Tenn. Ct. App. 2004).

Here, the accident occurred in Wal-Mart's parking lot, and there is no suggestion in the record that Wal-Mart employees did not regularly traverse the parking lot and sidewalks. Moreover, according to David Johnson, Plaintiff's expert, the site plans called for the transition to be either a 6 inch vertical curb or flush (Docket No. 26-1, Johnson Depo. at 27), and Wal-Mart's own policies require that curbs be painted and marked (Docket No. 26-2 at 10). The transition at issue was unpainted, and there is no suggestion in the record that the pavement where Plaintiff fell suddenly dropped some ½ to ¾ inches.

Wal-Mart also argues that "plaintiff's theory that her fall and subsequent injury was caused by the difference in elevation is speculative." (Docket No. 19 at 21). It is not.

The video recordings show that, as Plaintiff was stepping from the parking lot to the sidewalk, her foot gave way and she fell. Moreover, Plaintiff specifically testified in her deposition that as she "approached the sidewalk, I tripped on the lip and fell." (Docket No. 18-1, Pf. Depo. at 44). With this evidence a jury would not have to speculate that the trip was caused by the transition from the parking lot to the sidewalk.

Finally, Wal-Mart argues that Plaintiff's negligence claim is barred by the comparative fault doctrine. Again the Court disagrees.

"Under the system of comparative fault in Tennessee, comparative fault is an affirmative defense in which an alleged tortfeasor asserts 'that a portion of the fault for the plaintiff's damages should be allocated to another tortfeasor.'" Ellington v. Jackson Bowling & Family Ctr. LLC, 2013 WL 614502 at *10 (Tenn. Ct. App. Feb. 19, 2013) (quoting, Banks v. Elks Club Pride of Tenn. 1102, 301 S.W.3d 214, 220 (Tenn. 2010)). "[S]o long as a plaintiff's negligence remains less than the defendant's negligence the plaintiff may recover[.]" McIntyre v. Balentine, 833 S.W.3d 52, 57 (Tenn. 1992).

Wal-Mart claims that Plaintiff was at least 50% responsible for the fall because, *inter alia*, she "could have avoided the uneven elevation by crossing at the designated crosswalk less than 30 fee away"; "she could have waited for the cars to pass before deciding to cross, thereby avoiding the need to speed up"; "she could have chosen to wear more appropriate footwear that would have better

supported her feet"[3]; and "she could have been paying attention in the area where she was walking and seen that there was a small change in the elevation."  (Docket No. 19 at 17-18).  Presumably, Plaintiff could have done all of these things, but these are nothing more than arguments trying to pinpoint blame.

"The presence of comparative fault is a question of fact within the province of the jury, and it should not be lightly invaded by the trial court."  Elod v. Continental Apartments, 2008 WL 425947 at *2 (Tenn. Ct. App. Feb. 13, 2008) (citing, LaRue v. 1817 Lake, Inc., 966 S .W.2d 423, 427 (Tenn. Ct. App. 1997)).  The Court simply cannot say that, when "the evidence is evaluated in the light most favorable to the plaintiff, . . .  reasonable minds could not differ that her fault was equal to or great[er] than that of the defendant[.]" Id.; see, Cary, 2010 WL 3420351 at *6 ("whether Plaintiff was negligent because she watched passing traffic rather than the ground where she walked, and if so, whether her negligence was fifty percent or greater than any negligence of Kroger is a classic jury question that cannot be resolved on this summary judgment record.").

### III.  CONCLUSION

On the basis of the foregoing, an Order will be entered denying Wal-Mart's Motion for Summary Judgment.

_Kevin H. Sharp_
_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[3]  Ironically enough, Plaintiff claims that she purchased the flip-flops she was wearing from Wal-Mart. Hopefully Wal-Mart is not suggesting that by purchasing its flip-flops one assumes the risk of tripping while entering or exiting the store.